UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2021 JUN 11 AM 9: 59

LAVELLE TODD,

plaintiff,

- against -

Plaintiff's Verified Federal Law
Complaint for Punitive Damages
Title 42 USCA 1983 Together
with New York State Constitutional
Common Law Claims

A. COLOMBOS,
Correctional Officer,

Index No.:

defendant.

## SUBJECT MATTER JURISDICTION

1.     This Court has general jurisdiction over all state claims as well as federal law

claims under 42 USCA 1983, for damages against all named defendant(s) who violated

the plaintiff's civil rights, while acting under the color of State law.

2.     This federal law claim is being filed under The Supremacy Clause of the United

States Constitution. (See, Felder v. Casey, 487 US 131, 108 S. Ct. 2302 (1988); see also,

Cavanaugh v. Doherety, 243 A.D.2d 92 (1998).

3.     The Court is especially directed to Howlett v. Rose, 496 US 356 (1990). The State

law does not have the power to confer immunity on federal claims. This Court is fully

competent to provide the remedies the federal statute requires. Id., at 378-379.

4.     Plaintiff's state law claims are allowed in accordance to Morris v. Eversley, 205

F. Supp. 2d 234 (SDNY 2002).

1

5.     Under the Civil Practice Law and Rules ("CPLR"), Section 509, plaintiff

designates the County of Dutchess for the place of trial.

## JURY OR NON-JURY TRIAL

6.     The plaintiff will respectfully demand a trial on all claims raised in the pleadings.

## PLACE OF PRESENT CONFINEMENT

7.     Plaintiff currently resides at the Clinton Correctional Facility, PO Box 2001,

Dannemora, New York 12929.

## PARTIES PLAINTIFF

8.     Plaintiff LAVELLE TODD, is a natural citizen of the United States, and was at all

times relevant herein, a prisoner of the New York State Department of Corrections and

Community Supervision ("NYSDOCCS").

## PARTIES DEFENDANT(S)

9.     Defendant A. COLOMBOS ("Colombos"), was at all times relevant herein, a duly

appointed employee of NYSDOCCS at Greenhaven Correctional Facility, 594 Route 216,

Stormville, New York 12582, with the rank of correctional officer.

10.     Defendant Colombos is being sued in his personal capacity. Relief is sought

against him as well as his agents, assistants, successors, employees, and persons acting in

concert with, or cooperation with, or at his direction, or under his supervision.

11.   At all times relevant herein, defendant Colombus, acted pursuant to the policies,

regulations, or decisions officially maintained, completely adapted, or promulgated by

those in DOCCS whose acts may fairly be said to represent official policy, or were

pursuant to governmental custom of NYSDOCCS.

12.   At all times relevant herein, defendant Colombos has acted under the color of

state law.

13.   Defendant carried out a malicious retaliatory act against plaintiff by putting

plaintiff on keep-lock status for nineteen (19) days because of his Nation of Islam

religious belief.

14.   If it had not been for plaintiff's religious beliefs, this retaliation by defendant(s)

would not have happened.

15.   On May 24, 2018, plaintiff received a Misbehavior Report ("MR"), authored by

C.O. A. Colombos, which charged the following:

> "An inmate shall obey all orders of Department personnel
> promptly and without argument."
> Rule Violation 106.10

> "An inmate shall not smuggle or attempt to smuggle or
> solicit others to smuggle any item in or out of the facility
> or from one area to another."
> Rule Violation 114.10.

> "An inmate shall not engage in conduct which disturbs the
> order of any part of the facility. This includes, but is not

limited to, loud talking in a messhall, program area or
corridor, talking after the designated facility quiet time,
playing a radio, television or tape player without a headphone
or through a headphone in a loud or improper manner, or
playing a musical instrument in a loud or improper manner."
Rule Violation 104.13.

"An inmate shall comply with messhall serving and seating policies."
Rule Violation 124.16.

16.     The contents of MR written by C.O. A. Colombos, stated in verbatim the
following:

"On the above date and approximately at 21:10 at the West
messhall, NOI inmate Todd Lavelle #11A0846 A-5-261 was
given a direct order to take only one Sahora bag. The inmate
grabbed several bags and emptied all the contents into one bag.
He was again given a direct order to get his bag down to the
allowed amount. Upon exiting the West messhall I ordered him
to empty the contents of his bag on the table at B/C corridor.
The inmate complied after a second direct order. He then said
"Fuck this shit" and "this is fucking bullshit." At this time I ordered
the inmate to give me his I.D. he refused and said why. I again
ordered him to produce his I.D. he finally complied. The Area
Supervisor was on scene. The inmate was escorted back to his
housing unit with no further incident."

17.     Hearing Officer ("HO") Murphy conducted the hearing and never completed the
hearing and released plaintiff from confinement the day after Ramadan was over.
Plaintiff did nineteen (19) days confined to his cell without a completed hearing.

## STATEMENT OF FACTS

18.    On May 24, 2018, plaintiff and other inmates attended NOI Ramadan services to practice the religion of NOI. After Ramadan services was completed all the inmates at NOI service made congregation prayer together.

19.    After congregation prayer was completed plaintiff and all inmates that attended NOI Ramadan services went to the messhall to break their fast and eat their Ramadan meal.

20.    After eating the Ramadan meal plaintiff and all of the inmates grabbed their Ramadan Sahora bag which consisted of their breakfast that they will eat before the sun comes up the next day.

21.    After plaintiff and all other inmates that attended NOI Ramadan services grabbed their Sahora bag they exited the West Messhall where Officer A. Colombos and other unidentified officers stopped all of the inmates including the plaintiff and told them to place their Sahora bags on the table at B/C corridor so they can be searched.

22.    One of the inmates who is unidentified asked "Why do our Sahora bags gotta be searched this is our food for the morning and there is no reason to be touching our food." Then Officer A. Colombos said everybody just put your bags on the table in which everybody did.

23.     After seeing that everybody complied once plaintiff said for everybody to put their Sahora bags on the table Officer A. Colombos immediately told plaintiff to give him his I.D. which plaintiff complied.

24.     After plaintiff gave Officer A. Colombos his I.D. plaintiff asked Officer A. Colombos why did he confiscate his I.D. to which A. Colombos ignored him.

25.     Officer A. Colombos and other officers then emptied all contents in all the Sahora bags onto the table and searched through all the food and no contraband was found within the food and there was no extra food or any food they weren't allowed to have.

26.     After the search of all the Sahora bags Officer A. Colombos then told all of the inmates to grab their stuff and go back to their housing location. All inmates then put all their food back into their bags as well as the plaintiff.

27.     After plaintiff finished picking up all his food off the table and placed it back into the bag he asked A. Colombos can he have his I.D. back and Officer A. Colombos responded by saying "No, go back to your block," to which plaintiff complied and walked back to his block with other inmates and without an escort.

28.     The next morning on May 25, 2018 plaintiff was keep-locked and served a misbehavior report at 10:55 a.m., by Officer K. Francois.

29.     On May 27, 2018 at 9:22 a.m., a hearing was started and conducted by Lt. Murphy in which plaintiff plead not guilty to all charges and called witnesses to the hearing.

30.     Witnesses testified that plaintiff did not grab several bags and emptied all contents into one bag and did not curse at anytime and did not refuse a direct order and was not escorted back to his housing location and walked back on his own with other inmates who attended NOI Ramadan services.

31.     HO Lt. Murphy adjourned the hearing after witnesses gave testimony and never called plaintiff to the hearing again and released plaintiff on June 14, 2018, a day after Ramadan was over and denied plaintiff his right to practice his religion.

32.     Plaintiff was wrongfully confined to his cell for nineteen (19) days keep-lock, plaintiff had not consented to the confinement to keep-lock, plaintiff was conscious of the confinement.

33.     Defendant had carried out a malicious retaliation act against plaintiff by putting plaintiff on keep-lock with a misbehavior report. This was intentionally done to confine the plaintiff to his cell, this confinement was not otherwise privileged.

## **SUBSTANTIAL BURDEN**

34.     C.O. A Colombos placed a substantial unnecessary burden on the practice of plaintiff's religion when he was denied the constitutional right to participate in Ramadan congregational prayer (Maghrib and Isha) services.

35.     Participating in Ramadan religion congregational services may not be compelled by or central to plaintiff's system of religious belief, but he alleges that it is a part of his exercise of religion.

36.     That is to say that congregational prayer is the way that plaintiff practice and expresses his religious belief; therefore, offering Maghrib and Isha at congregational services is a religious exercise.

37.     Denying plaintiff the right to offer a congregational prayer was directly, primarily, and fundamentally responsible for rendering that religious exercise effectively impracticable; therefore, denying plaintiff to participate in congregational prayer was a substantial burden on his religious exercise to practice his religion.

38.     Plaintiff argued that "NOI" Muslims should be permitted to offer congregational prayer at Ramadan religious services thereby disputing that prohibiting plaintiff is a compelling governmental interest and that prohibiting him from offering congregational prayers is the least restrictive means of achieving whatever compelling governmental interest might exist.

39.     Plaintiff allege that the defendant subjected him to conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional right.

40.     The willful, deliberate, malicious, and reckless actions of defendant correctional officer in depriving plaintiff of the aforesaid liberty without due process of law, sending plaintiff to keep-lock without any rule being violated, manufacturing false charges depicting unlawful confinement, harassment, and retaliation, by falsely fabricating and submitting a false misbehavior report/documents to be made part of DOCCS business

8

record, for the sole purpose to stop plaintiff from participating in Ramadan if it had not been that this retaliation would not have happened.

## **RELIEF REQUESTED**

41.    Plaintiff demands herein that if the defendant(s) are held liable by and on the application of the laws, thereafter said civil trial has come to a conclusion, plaintiff indubiously requests and DEMAND that the judgment/compensation for said wrongful confinement be made in the sum amount of $25,000.00, as well as PUNITIVE DAMAGES in the amount of $25,000.00.

Respectfully submitted,

LAVELLE TODD #11A0846
Plaintiff, pro se
Clinton C.F.
PO Box 2001
Dannemora, NY 12929

*In the matter of the Application of*

LAVELLE TODD, \
　　　　　　　　　　plaintiff, \
*for Poor Person Status pursuant to* \
*CPLR §1101(f).*

A. Colombos, \
Correctional Officer, \
　　　　　　　　defendant　　　　　x

**Affidavit in Support of Application Pursuant to CPLR §1101(f)**

Index # _____

DIN # __11-A-0846__

NYSID # _____

State of New York　　　) \
　　　　　　　　　　　) ss: \
County of __Clinton__　) \

__LAVELLE TODD__, being duly sworn, hereby declare as follows:

1) I am the Petitioner in the above-entitled case. I am a sentenced inmate in a federal, state or local correctional facility (state place of incarceration:　Clinton CF, Box 2001, Dannemora, NY 12929 ), and I submit this affidavit in support of my application for per person status in such case.

2) I currently receive income from the following sources, exclusive of correctional facility wages:
   __I receive money from family sometimes__

3) I own the following valuable property (other than miscellaneous personal property):

   ☒　NONE \
   ☐　List Property:　　　　　　　　　Value:

4) I have no savings, property, assets or income other than as set forth herein.

**\* Will be assigned by the Court/County Clerk**

proceaure.

6)   No other person who is able to pay these costs, fees, and expenses has a beneficial
     interest in the result of this proceeding.

7)   The nature of the this case and the facts herein are described in my pleadings and
     other papers filed with the court.

8)   I have made no prior request for this relief in this case.

_Lavelle Todd_
(signature)

Sworn to before me this _3rd_ day

of _June_ , _2021_ .

_Mark J K_
Notary Public

Mark J. Wilson
Notary Public, State of New York
No. 01WI6354425
Qualified in Clinton County
Commission Expires 02/06/_2025_

## AUTHORIZATION

I, _LAVELLE TODD_ , inmate number _11-A-0846_ , request and
authorize the agency holding me in custody to send to the Clerk of the Court certified copies of the
correctional facility trust fund account statement (or the institutional equivalent) for the past six
months.

I further request and authorize the agency holding me in custody to calculate the amounts
specified by CPLR 1101 (f)(2), to deduct those amounts from my correctional facility trust fund
account (or the institutional equivalent) and to disburse those amounts as instructed by the Court.

This authorization is furnished in connection with the above entitled case and shall apply to
any agency into whose custody I may be transferred.

**I UNDERSTAND THAT THE ENTIRE FILING FEE AS DETERMINED BY THE
COURT WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM
MY CORRECTIONAL FACILITY TRUST FUND ACCOUNT EVEN IF MY CASE IS
DISMISSED.**

_Lavelle Todd_
(signature)

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**CLINTON CORRECTIONAL FACILITY**
P.O. BOX 2001
DANNEMORA, NEW YORK 12929

NAME: _Lavelle Todd_       DIN: _11A0846_

Pro Se JLR

US District Court
Southern District of New York
US Courthouse
500 PEARL Street
New York, New York 10007

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: _Lavelle Todd_ DIN: _11A0846_

Printed On Recycled Paper