UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVELLE TODD,

                Plaintiff,

-against-

A. COLOMBOS, CORRECTIONAL OFFICER,

                Defendant.

21-CV-5226 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated in Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights when Plaintiff was incarcerated in Green Haven Correctional Facility. The Court also construes the complaint as asserting claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. By order dated July 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant A. Colombos through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for Defendant A. Colombos, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

SO ORDERED.

Dated: July 15, 2021
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Corrections Officer A. Colombos
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582-0010