

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8591

January 7, 2022

**BY ECF AND ELECTRONIC MAIL:**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150
chambersnysdseibel@nysd.uscourts.gov

  Re: <u>Todd v Colombos</u>, SDNY 21 Civ. 5226 (CS)

Dear Judge Seibel:

  This Office represents Officer Colombos in the above-referenced matter. I write on behalf of Officer Colombos to respectfully request a pre-motion conference to discuss filing an anticipated motion to dismiss Plaintiff's Complaint ("Comp") pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

**Relevant Allegations**

  Plaintiff, at all times mentioned herein, was incarcerated at Green Haven Correctional Facility ("Green Haven"). On May 24, 2018, following Ramadan services, Plaintiff and several unidentified incarcerated individuals went to Green Haven's messhall to obtain their Ramadan Sahora bags. *Comp ¶¶ 18-19*. Upon obtaining the Sahora bags, Plaintiff claims that they were searched by Officer Colombos and several "other unidentified officers". *Id. at ¶ 25*. After the search was completed, Officer Colombos purportedly instructed Plaintiff, and the other unidentified incarcerated individuals, to repack their Sahora bags and to return to their cells, which Plaintiff claims he did without further incident. *Id. at ¶ 26*. The following morning, Plaintiff claims he was allegedly placed into keeplock and served with a false misbehavior report, purportedly authored by Officer Colombos, *Id. at ¶ 28*, charging him with not obeying direct orders, not complying with messhall policies, attempting to smuggle an item from one part of the facility to another, and engaging in conduct which caused a disturbance for an incident that occurred in the messhall on May 24, 2019, *Id. at ¶¶ 15-16*. On May 27, 2018, Plaintiff alleges that Lt Murphy, a non-party, presided over his disciplinary hearing for the May 24, 2019 misbehavior report. *Id. at ¶ 27*. According to Plaintiff, Lt Murphy did not complete the hearing in a timely manner resulting in Plaintiff being confined to keeplock for a total of 19 days which prevented him from participating in congressional Ramadan services. *Id. at ¶ 17*.

**Argument**

Plaintiff's alleged due process violation, with respect to the misbehavior report, should be dismissed because "a[n incarcerated individual] has no general constitutional right to be free from being falsely accused" by way of misbehavior report. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). While an exception to this general rule exists, Plaintiff has failed to establish that that exception occurred in this matter as Plaintiff has not alleged that he "was disciplined without adequate due process" as a result of the purportedly false misbehavior report. *See Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (holding that an exception occurs when either 1) the inmate "was disciplined without adequate due process" as a result of the accusations or (2) where the accusations were made "in retaliation") (citation omitted)). To the extent Plaintiff is relying upon his retaliation claim to establish this exception, he has failed to do so here because Plaintiff has failed to allege any non-conclusory allegations which make his retaliation claim facially plausible. *See Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v Sorema N.A.,* 534 U.S. 506 (2002) (holding retaliation claims by an inmate must be assessed with "skepticism and particular care" because such claims are "easily fabricated"). Moreover, any retaliation claim Plaintiff was attempting to allege further fails as Plaintiff has not alleged any non-conclusory allegations of a causal connection between the issuance of the purportedly false report and his religious beliefs. *See Thomas v. DeCastro*, No. 14-CV-6409(KMK), 2018 WL 1322207, at *10 (S.D.N.Y. Mar. 13, 2018). Accordingly, Plaintiff has failed to establish any due process violation occurred regarding the misbehavior report and this claim should be dismissed. *See Boddie*, 105 F.3d at 862; *see also Willey*, 801 F.3d at 63.

With respect to Plaintiff's purported confinement claim, this claim should also be dismissed because the Plaintiff has failed to allege sufficient factual allegations that his confinement was an atypical and significant hardship. *See generally Genier v. Vanarnum*, No. 13-CV-1460, 2016 WL 4507456, at *6 (N.D.N.Y. June 20, 2016). Indeed, Plaintiff does not allege any condition which posed any hardship on him thereby warranting dismissal of this claim on this basis alone. *Genier v. Vanarnum*, No. 13-CV-1460, 2016 WL 4507456, at *6 (N.D.N.Y. June 20, 2016); *see also Kravitz v. Annucci*, No. 16-CV-8999 (KMK), 2019 WL 1429546, at *8 (S.D.N.Y. Mar. 29, 2019). Moreover, Officer Colombos is not alleged to have been aware of any conditions which posed a hardship on Plaintiff or responsible for them and, in any event, the Second Circuit has cautioned that extremely short confinements, such as the one alleged here (i.e. a confinement under 30 days), typically does not implicate any liberty interest. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).

Plaintiff's First Amendment claim should also be dismissed because Officer Colombos is not alleged to have been aware that Plaintiff was not permitted to participate in any communal services, nor are there any allegations that Officer Colombos refused to permit Plaintiff to participate in such services. Even if such allegations were alleged, which they are not, this claim is still subject to dismissal as Plaintiff has failed to allege any non-conclusory allegations which establish that attending the unspecified communal services is central to his sincerely held believes. *See Johnson v. Paul*, No. 17-CV-3654 (KMK), 2018 WL 2305657, at *6 (S.D.N.Y. May 21, 2018); *see also Wilson v. Kelly*, No. 11-CV-30, 2012 WL 3704996, at *10 (N.D.N.Y. Aug. 27, 2012). Accordingly, Plaintiff's First Amendment violation should be dismissed.

In any event, the Complaint should be dismissed because at a minimum, Officer Colombos is entitled to qualified immunity. *Gonzalez v. City of Schenectady,* 728 F.3d 149, 154 (2d Cir. 2013).

Finally, and although unclear from the face of the Complaint, to the extent the Plaintiff was attempting to allege any state-law claims, such claims must be dismissed because they are barred by *N.Y. Corr. Law § 24* and they are not actionable under § 1983. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).

**Conclusion:**

For the above stated reasons, it is respectfully requested that a pre-motion conference be scheduled in anticipation of Officer Colombos filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Additionally, Officer Colombos also respectfully requests that discovery in this matter be stayed pending the outcome of the motion to dismiss.

Thank you for your consideration of the application.

Respectfully submitted,

*S/ John R. Doran*
John R. Doran
Assistant Attorney General
John.Doran@ag.ny.gov

cc:   Lavelle Todd
      (via regular mail sent to address on docket)

3

## DECLARATION OF SERVICE

John R. Doran, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

I am over 18 years of age and not a party to this action.  On January 7, 2022, I served the annexed <u>Letter-motion</u> upon:

Lavelle Todd
11-A-0846
Clinton C.F.
P.O. Box 2001
Dannemora, NY 12929

plaintiff pro se, by mailing a true copy of the attached papers, enclosed and properly sealed in a postpaid envelope, which I deposited in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York addressed to the above-noted address designated by plaintiff for that purpose.

*S/ John R. Doran*
John R. Doran
Assistant Attorney General

Executed on January 7, 2022