UNITED STATES DISTRICT COURT
<u>SOUTHERN</u> DISTRICT OF NEW YORK

<u>LAVELLE TODD</u>,
              **Plaintiffs,**

-against-

<u>A. COLOMBOS</u>,
<u>Correctional Officer</u>   **Defendants,**

**AMENDED COMPLAINT**
Under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ✓   No __

## I. Parties in this complaint:

A.    Plaintiff

      <u>LAVELLE TODD #11A0846</u>
      Upstate Correctional Facility
      P.O. Box 2001
      Malone, NY 12953
**RECEIVED JUN 09 2022 PRO SE OFFICE**

B.    Defendant(s)
    No. 1  <u>A. Colombos, correctional officer</u>

    No. 2 _____

    No. 3 _____



**RECEIVED JUN 09 2022 U.S.D.C. W.P.**

- 1 -

No. 4 _____

## II. Statement of Claim:

**A.** In what institution did the events giving rise to your claim(s) occur? Greenhaven Correctional facility, 594 Route 216, Stormville, New York 12582.

**B.** Where in the institution did the events giving rise to your claim(s) occur? West Messhall, and outside the west messhall at B/c corridor.

**C.** What date and approximate time did the events giving rise to your claim(s) occur? May 24, 2018 at appoximately 21:10.

**D.** Facts: On May 24, 2018, plaintiff and other inmates attended NOI Ramadon services to practice the religion of NOI. After Ramadon services was completed all the inmates at NOI service made Congregation prayer together. After Congregation prayer was completed plaintiff and all inmates that attended NOI Ramadon services went to the messhall to break their fast and eat their Ramadon meal. After eating the Ramadon meal plaintiff and all of the inmates grabbed their Ramadon Sahora

bag which consisted of their breakfast that they will eat before the sun comes up the next day. After plaintiff and all other inmates that attended NOI Ramadan services grabbed their Sahora bag, they exited the west messhall where officer A. Colombos and other unidentified officers stopped all of the inmates including the plaintiff and told them to place their Sahora bags on the table at B/C corridor so they can be searched.

### III. Injuries:

C.O. A. Colombos placed a substantial unnecessary burden on the practice of plaintiff's religion when he was denied the constitutional right to participate in Ramadan congregational prayer (Maghrib and Isha) services. Participating in Ramadan religion congregational services may not be compelled by or central to plaintiff's system of religious belief, but he alleges that it is a part of his exercise of religion. That is to say that congregational prayer is the way that plaintiff practice and expresses his religious belief; therefore,

### IV. Exhaustion of administrative Remedies:

**A.** Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓ No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
Green Haven Correctional facility.

- 3 -

**B.** Does the jail, prison, or other Correctional Facility where your claim(s) arose have a grievance procedure?
Yes ✓  No___  Do Not Know___

**C.** Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claim(s)
Yes___  No___  Do Not Know ✓
If YES, which claim(s)? There is only one claim made.

**D.** Dose the grievance procedure at the jail, prisons, or other Correctional facility where your claim(s) arose <u>not</u> cover some of your claim(s)?
Yes___  No___  Do Not Know ✓
If YES, which claim(s)?

**E.** Did you file a grievance in the jail, prisons, or other correctional facility where your claim(s) arose?
Yes ✓  No___

**F.** If you did file a grievance, about the events described in this complaint, where did you file the grievance? _Green Haven Corr. facility_

   1. Which claim(s) in this complaint did you grieve? There is only one complaint

   2. What was the result, if any? They told me that they were going to investigate my grievance but I never heard from them again.

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to highest level of he grievance process. _____

**G.** If you did not file a grievance, did you inform any officials of your claim(s)?
Yes___  No___

   1. If YES, whom did you inform and when did you inform them?

   2. If NO, why not? I did not file a claim until later when I realized that I would suffer continuous chronic back pain.

**I.** Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

-4-

V. **Relief:**

Plaintiff demands herein that if the defendant(s) are held liable by and on the application of the laws, thereafter said civil trial has come to a conclusion, plaintiff indubiously requests and DEMAND that the Judgement/compensation for said wrongful confinement be made in the Monetary Sum amount of $25,000.00, as well as Punitive Damages in the amount of $25,000.00

VI. **Previous lawsuits:**
A. Have you filed other lawsuits in state and federal court dealing with the same facts involved in this action?
   Yes___ No ✓

B. N/A

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes___ No ✓

E. N/A

Signed this 6th day of June_____. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff _Lavelle Todd_

Inmate Number    11A0846

Mailing address   Upstate Correctional Facility
                  P.O. Box 2001
                  Malone, NY 12953

- 5 -

I declare under penalty of perjury that on this 6th day of June, 20___, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court of the Southern District of New York.

                                       Signature of Plaintiff: *Lavelle Todd*

Sworn to Before me This
6th day of June, 2022.

*[signature]*
**NOTARY PUBLIC**

ERIKA RAE MARSHALL
Notary Public, State of New York
No. 01MA6165752
Qualified in Franklin County
Commission Expires May 14, 2023

## Continuation of the Facts

One of the inmates who is unidentified asked "Why do our Sahora bags gotta be searched this is our food for the morning and there is no reason to be touching our food." Then Officer A. Colombos said everybody just put your bags on the table in which everybody did.

After seeing that everybody complied once plaintiff said for everybody to put their Sahora bags on the table officer A. Colombos immediately told plaintiff to give him his I.D. which plaintiff complied.

After plaintiff gave Officer A. Colombos his I.D. plaintiff asked officer A. Colombos why did he confiscate his I.D. to which A. Colombos ignored him.

Officer A. Colombos and other officers then emptied all contents in all the Sahora bags onto the table and searched through all the food and no contraband was found within the food and there was no extra food or any food they weren't allowed to have.

After the search of all the Sahora bags officer A. Colombos then told all of the inmates to grab their stuff and go back to their housing location. All inmates then put all their food back into their bags as well as the plaintiff.

After plaintiff finished picking up all his food off the table and placed it back into the bag he asked A. Colombos can he have his I.D. back and officer A. Colombos responded by saying "No, go back to your block", to which plaintiff complied and walked back to his block with other inmates and without an escort.

The next morning on May 25, 2018 plaintiff was keep-locked and served a Misbehavior Report at 10:55 a.m., by Officer K. Francois.

Continuation of the facts

On May 27, 2018 at 9:22 a.m., a hearing was started and conducted by Lt. Murphy in which plaintiff plead not guilty to all charges and called witnesses to the hearing.

Witnesses testified that plaintiff did not grab several bags and emptied all contents into one bag and did not curse at anytime and did not refuse a direct order and was not escorted back to his housing location and walked back on his own with other inmates who attended NOI Ramadon Services.

H.O. Lt. Murphy adjourned the hearing after witnesses gave testimony and never called plaintiff to the hearing again and released plaintiff on June 14, 2018, a day after Ramadon was over and denied plaintiff his right to practice his religion.

Plaintiff was wrongfully confined to his cell for nineteen (19) days keep-lock, plaintiff had not consented to the confinement to keeplock, plaintiff was conscious of the confinement.

Defendant had carried out a malicious retaliation act against plaintiff by putting plaintiff on keep-lock with a false misbehavior report. This was intentionally done to confine the plaintiff to his cell, this confinement was not otherwise privileged.

Continuation of the injuries

Offering Maghrib and Isha at congregational services is a religious exercise.

Denying plaintiff the right to offer a congregational prayer was directly, primarily, and fundamentally responsible for rendering that religious exercise effectively impracticable; therefore, denying plaintiff to participate in congregational prayer was a substantial burden on his religious exercise to practice his religion.

Plaintiff argued that "<u>NOI</u>" Muslims should be permitted to offer congregational prayer at Ramadan religious services thereby disputing that prohibiting plaintiff is a compelling governmental interest and that prohibiting him from offering congregational prayers is the least restrictive means of achieving whatever compelling governmental interest might exist.

Plaintiff allege that the defendant subjected him to conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional right.

The willful, deliberate, malicious, and reckless actions of defendant correctional officer in depriving plaintiff of the aforesaid liberty without due process of law, sending plaintiff to keep-lock without any rule being violated, manufacturing false charges depicting unlawful confinement, harassment, and retaliation, by falsely fabricating and submitting a false misbehavior report/documents to be made part of DOCCS business record, for the sole purpose to stop plaintiff from participating in Ramadan if it had not been that this retaliation would not have happened.

Upstate Correctional Facility
P.O. Box 2000
309 Bare Hill Road
Malone, NY 12953




Court CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHARLES L. Brient Jr.
FEDARAL BUILDING And UNITED STATES Courthouse
300 QUARROPAS Street
White Plains, New York 10601

LEGAL MAIL