UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Lavelle Todd,

                        Plaintiff(s),

                                 CIVIL CASE DISCOVERY PLAN
                                 AND SCHEDULING ORDER

           against

                                 7:  21  -CV-  5226  (CS)

A. Colombus,

                        Defendant(s),
------------------------------------------------------------X

Seibel, J.

The following Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure.

1. The case (is) (is not) to be tried to a jury.

2. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any pre-motion conference in connection with a motion to amend or join additional parties must be requested by __5/2/23__.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall, if not already made, be made within 14 days of the date of this Order.

4. All fact discovery shall be completed by __9/29/23__.

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. The following interim deadlines shall apply, but may be extended by written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth above. Any extension that would affect that fact discovery cut-off may be obtained only by Court order for good cause shown. Any such application will be denied if not made at least three weeks before the applicable deadline, absent extraordinary circumstances.

    a. Initial requests for production of documents are to be served by __5/2/23__.

    b. Interrogatories are to be served by __5/2/23__.
    The provisions of Local Civil Rule 33.3 (shall) (shall not) apply to this case.

    c. Depositions are to be completed by __8/30/23__.
Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any initial requests for production of documents, and depositions shall proceed concurrently. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

  d. Requests to Admit, if any, are to be served by __8/30/23__.

  e. Any further interrogatories are to be served by __8/30/23__.

5.  All expert discovery is to be completed by __n/a__.

The parties are to conduct expert discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. At least 30 days before the fact discovery deadline in paragraph 4 above, the parties shall meet and confer on a schedule for expert disclosures, including independent medical examinations (if applicable), expert reports, production of underlying documents, rebuttal expert reports (if applicable), expert interrogatories and expert depositions. Expert reports of the party with the burden of proof shall ordinarily be due before those of the opposing party's experts. A joint proposed expert discovery plan, or a plan setting forth areas of agreement and disagreement, must be submitted for the Court's approval at least 21 days before the fact discovery deadline set forth in paragraph 4 above.

Once the expert discovery plan is ordered by the Court, the parties may adjust interim deadlines by written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth above. Any extension that would affect that expert discovery cutoff may be obtained only by Court order for good cause shown. Any such application will be denied if not made at least three weeks before the applicable deadline, absent extraordinary circumstances.

6.  Additional provisions relating to discovery agreed upon by counsel (are) (are not) attached and made a part hereof.

7.  Procedure for discovery disputes:

The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the court as hereinafter set forth. A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party, or should have been received under the applicable rule(s). The objecting party has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) pages. Opposing parties have 5 business days thereafter to submit a two (2) page answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions of relevant documents (not complete documents unless the entire document is relevant). Letter briefs must be filed on the Court's Electronic Case Filing system, unless they include or refer to confidential material, in which case they should be sent via email to chambers. Reply letter briefs will not be accepted.

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the Court by a letter brief limited to two (2) pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted. If the letter, log and copies total more than ten (10) pages, they may not be faxed. If disclosure of the privilege log would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the Court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering

two (2) page letter brief. No reply letter briefs will be accepted. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth in this paragraph 7 may not be extended without the prior approval of the Court. Any objection to discovery which is not raised within these time limitations will be waived.

8.  Next Case Management Conference __10/11/23  10:15 AM__.
(This date will be set by the Court at the first conference.)

All counsel must have at least one substantive joint discussion of settlement at least two weeks before the conference date set forth above. If at any time the parties believe the assistance of a Magistrate Judge or court mediator for settlement purposes would be helpful, they should so advise the Court by letter.

Any party contemplating a motion for summary judgment must submit a pre-motion letter, in accordance with this Court's individual practices, at least two weeks before the conference date above, and the opposing party must respond at least one week before that conference date.

If no motions are contemplated, a date for trial – or, if the Court's schedule does not permit a firm date, a date by which the parties should be ready for trial on 48 hours' notice (or on such other notice as the Court may prescribe) – will be set at the conference. Dates for the submission of the Joint Pretrial Order, motions *in limine*, proposed *voir dire* questions, and requests to charge will also be set at the conference. The parties should be prepared for at least the Joint Pretrial Order to be due 30 days after the close of discovery.

9.  This case has been designated to the Honorable __Paul Davison__, United States Magistrate Judge, for discovery disputes if the Court is unavailable. Upon both parties signing a Consent for Trial Before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (available on the Court's website), the Magistrate Judge may amend this Plan and Order, and will, at the appropriate time, set a date certain for trial.

10. Except as otherwise set forth above, this Plan and Order may not be changed without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference.

**SO ORDERED.**

Dated:  3/28/23
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.